## SUPREME COURT.

MARIE ANTOINETTE WITHAUS agt. FREDERICK C. C. SCHAACK.

*Deed — when its execution by a wife, through the misrepresentations of her husband, is void as to her dower rights — Negligence in executing papers without reading.*

The plaintiff, a married woman, executed without examination a trust deed with her husband to secure certain of his creditors, upon his representation that it was a conveyance, in form and substance, such as he had previously represented to her it would be, and to which she had assented, the fact, however, being that the deed included lands other than those he had proposed to convey and to which she had agreed :

*Held,* that the deed, in so far as it affected the dower rights of the wife in such other lands, is inoperative and void, and that her rights remained the same as though she had not executed the deed.

Also, that negligence is not to be imputed to the plaintiff in signing the deed without examination as to its contents, in reliance upon the representations of her husband (*See S. C.,* 57 *How. Pr.*, 310).

*Special Term, October,* 1881.

TRIAL of issues of fact.

*John E. Burrill,* for plaintiff.

*Lewis Sanders,* for defendant.

VAN VORST, *J.* — The plaintiff has distinctly testified to certain statements and representations made to her by her husband to induce her to agree to an arrangement he was about to make with certain of his creditors by which, through appropriate conveyances to be made, a portion of his land in the city of New York would be devoted to secure such creditors. She assented to the arrangement. When the deed was presented for her signature, according to her testimony, he represented that it was an instrument which he had caused to be prepared in furtherance of the purpose he had before disclosed to her, by which certain of his real estate was to be devoted to the payment of specific debts.

The creditors who were to be provided for, and the general nature of their claims, had been stated by him to her, as had been the facts, that the property to be conveyed and to which her assent was asked, was to be confined exclusively to the lands owned by him, north of Fifty-ninth street, in the city of New York.

To this arrangement the plaintiff had assented. And when the deed was presented for her signature her husband informed her that it was, in form and substance, such as had been proposed by him. Without reading the paper and relying upon her husband's statements, she executed the same, and it was delivered to the grantee, who is the defendant.

It now appears that, instead of being limited to a conveyance of land lying north of Fifty-ninth street, it embraces property south of that line.

Had the plaintiff read the paper before signing it, she would have readily discovered the error in the description. But she relied, as she has testified, upon her husband's statements, and in such reliance I am persuaded that she was justified. It is no evidence of negligence or want of care for a wife, under the facts and circumstances of this case, to place confidence in the statements of her husband and relax the vigilance and close examination which obtains in dealings

with strangers. If a woman may not trust her husband in such a matter, I know not on whom she could rely.

In granting the relief which must be awarded in this action, it is not necessary to pronounce the conduct of the plaintiff's husband fraudulent. There is no reason to suppose it was such. From all that appears he was an honorable man, and in the possession of his reason would have scorned an act of duplicity. But he was afflicted with a disease liable at any time to affect his reason. He was, at the time, anxious and greatly distressed about his debts, which he sought to secure, especially such as were of a fiduciary character.

There is enough in the evidence to justify the conclusion that his mental condition was unsound, and that his conduct is not to be judged by the same standard which is applied to the acts of men in a normal condition of physical and mental health.

Shortly after this transaction he gave clear and unmistakable evidence of insanity, and he was removed to an asylum for the custody of such patients, and where, by his own hands, he put an end to his life.

The plaintiff's case rests entirely upon her own evidence, but uncontradicted and unimpeached I cannot disregard it. I discover nothing in the case which would justify me in regarding it as untruthful, or in setting it aside as unworthy of acceptance.

The argument of the learned counsel for the defendant, based upon the improbability of the plaintiff's statements, is answered by the mental condition of her husband, which exonerates him from intentional wrong. Plaintiff interposed her claim with reasonable diligence, and appears to have persisted in it.

I do not think that the plaintiff's conduct after the execution of the instrument, in taking a conveyance and paying for the Sixth avenue property, and in procuring an assignment of the Renolds claim, amounted to a ratification of her act in signing the deed. The object and purposes of such

acts prevent their operation as an estoppel to the assertion of her equitable rights. In addition, the defendant and those whom he represents under the trust deed, are not *bona fide* purchasers for a valuable consideration.

The opinion of the general term, by BRADY, J., settles that question. The deed was intended to secure the payment of obligations already incurred, and I cannot see that the plaintiff has done, or omitted to do anything to the injury of the defendant or the beneficiaries under the trust deed which should debar the assertion of a right to relief against her act in executing the deed. There are other particulars in which the deed differs from what it was represented to be, but the cause above, particularly specified, affords a sufficient reason in itself for granting the only relief which is open to her.

The property both north and south of Fifty-ninth street belonged to the plaintiff's husband, and he might devote the same to the purposes mentioned in the trust deed. The plaintiff's assent was not necessary to the validity of the action of her husband, only as it affected her inchoate right of dower.

That right should be both respected and preserved, notwithstanding her execution of the deed.

In so far as plaintiff's dower rights are concerned in the property south of Fifty-ninth street, the execution of the conveyance by plaintiff should be adjudged to be null and void ; but as a conveyance of all the property both north and south of Fifty-ninth street by the plaintiff's husband, for the purposes mentioned in the trust deed, it is valid and unaffected by this decision.

Whether the plaintiff's husband in fact owed the defendant and Ida Mommer the amounts secured by the instrument of trust is not a proper subject for adjudication here ; that is a matter in which the creditors of the creator of the trust are concerned, and they are not before the court.

The plaintiff is not entitled to relief on that account in this action other than that above mentioned.

There is nothing to show that the defendant made any

representations or statements, or did any act to induce the plaintiff to sign the deed, and as far as he is concerned he is blameless of the error or mistake under which she executed the same.

There must be judgment in the plaintiff's favor to the extent above indicated, with her costs to be paid out of the funds in the defendant's hands, growing out of the trust deed.